[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14526

_____

D.C. Docket No. 8:15-cv-02165-EAK-AAS

HOUSTON SPECIALTY INSURANCE COMPANY,

Plaintiff - Appellant,

versus

ENOCH VAUGHN,
individually, and as parent and natural guardian of M.V., a minor,
ALL FLORIDA WEATHERPROOFING & CONSTRUCTION, INC.,
RICHARD FULFORD,
ROBERT MENDENHALL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 28, 2019)

Before TJOFLAT and JORDAN, Circuit Judges, and HINKLE, [*] District Judge.

PER CURIAM:

Houston Specialty Insurance Company filed this declaratory judgment action against its insureds—All Florida Weatherproofing, Richard Fulford, and Robert Mendenhall—alleging that they materially breached the cooperation provision of their policy by failing to assist and by entering into a settlement agreement without its consent. The district court, for a number of reasons, ultimately ruled that HSIC could not assert its breach claims against the insureds because it failed to comply with Florida's Claims Administration Statute, Fla. Stat. § 627.426. HSIC appeals from the district court's judgment in favor of the insureds.

Following a review of the record, and with the benefit of oral argument, we affirm the orders and judgment of the district court. Because we write for the parties, we set out only the issues that merit analysis. As to all other issues, we affirm without discussion.

HSIC concedes that it did not comply with § 627.426(2)(b). *See* Br. for HSIC at 41. But it argues that the district court should have concluded that it is a surplus lines insurer and, as such, did not have to comply with the CAS. *See* Fla. Stat. § 626.913(4) ("[T]he provisions of [C]hapter 627 do not apply to surplus lines

---

[*] Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

insurance. . . .").  Reviewing for abuse of discretion, *see Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014), we disagree.

Although HSIC asked the district court to take judicial notice that it is a surplus lines insurer, that matter is not an appropriate one for judicial notice given the requirements for the authorization of surplus lines insurance set forth in Fla. Stat. § 626.915.  *See* Fed. R. Evid. 201(b); *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc).  In addition, even if the matter could be judicially noticed, the unauthenticated 2016 website printout from the Florida Office of Insurance Regulation provided by HSIC does not conclusively establish its status in 2012, when the policy was issued.  Indeed, the printout itself states that the Office of Insurance Regulation "does not warrant or represent that this information is current, complete, and accurate."

The main argument advanced by HSIC is that the district court erred in ruling that, due to the untimely disclosure of the policy with the statutorily required surplus line language, it could not use that policy at trial.  Again reviewing for abuse of discretion, *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313 (11th Cir. 2011), we conclude that there is no reversible error.

First, there is no question that HSIC did not timely disclose the policy with the surplus lines language, and that the sanction imposed by the district court was expressly authorized by Federal Rule of Civil Procedure 37(c)(1) ("If a party fails

to provide information . . . the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). *See, e.g.*, *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004) (affirming the exclusion of an untimely expert report).  Second, as the district court noted, HSIC had asserted for several years and throughout a couple of lawsuits (including one that went to trial in the district court) that the policy without the surplus lines language (including one labeled a "certified" copy) was the operative policy. Third, HSIC's late production of the policy with the surplus lines language surprised the insureds, affected their litigation posture and strategy (e.g., by affecting their ability to make informed decisions), and caused them prejudice. Fourth, there was no substantial justification for the late disclosure.  If HSIC—the plaintiff in this case—was issuing surplus lines policies, it knew (or should have known) that those policies needed to have certain surplus lines language in order to satisfy Florida law.  So once it received a policy from a broker/agent or third party that did not contain the required surplus lines language, it should have taken steps to obtain a copy of the policy with the necessary language.  As far as we can tell, there is nothing in the record that demonstrates that HSIC asked the broker/agent or third party early on to locate the policy (or pages) with the surplus lines language.

4

The arguments made by HSIC—e.g., that the insureds had a copy of the policy with the surplus lines language, and that the short discovery period between the time that the insureds filed their affirmative defenses and the close of discovery excuses the late disclosure—do not mandate reversal. The insureds may have had a copy of the policy with the surplus lines language, but it was reasonable for them not to look for it given that HSIC affirmatively represented on many occasions that the operative policy was the one without the surplus lines language. And although HSIC represents that it asked for the operative policy from the insureds in discovery, it does not quote its request for production demanding the policy. As for the short discovery period, HSIC has a point, but it also waited three months after it filed its motion for judicial notice to provide a copy of the policy with the surplus lines language.

We might have struck the balance differently, or imposed a lesser sanction, but the question is not what we would have done in the first instance. The question instead is whether the district court abused its discretion in imposing a strong sanction. *Cf. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707–09 (1982) (affirming sanction of regarding certain facts as established for failure to comply with discovery orders related to the attempt to establish those facts).

**AFFIRMED.**